Lisa A. Cervantes Esq. LLM [SBN 203046]
IP LEGAL STUDIO, LLC
984 Surfbird Way, Oceanside, CA 92057
Telephone: (323) 333-2553
Email: iplegalstudio@gmail.com

Attorneys for Plaintiff
PRIMAL ESSENCE INC.,
a California corporation,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRIMAL ESSENCE INC.,<br>a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TALLOWBOURN, LLC (f/k/a DR. DAVE'S PRIMAL ESSENCE, LLC),<br>A Maryland Limited Liability Company,<br>DAVID J. MALONEY, an individual,<br>LISA MALONEY, an individual, and<br>DOES 1-10,<br><br>Defendants. | Case No. 2:26-cv-01183 ODW (DTBx)<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:<br><br>FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)<br>FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)<br><br>DEMAND FOR JURY TRIAL<br><br>REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF |

**PRELIMINARY STATEMENT**

1. This is an action for federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and for false designation of origin and unfair

competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendants' knowing, willful, and continuing infringement of Plaintiff Primal Essence, Inc.'s federally registered, incontestable, and internationally protected PRIMAL ESSENCE Mark.

2. Defendants used and continue to use the infringing designation DR. DAVE'S PRIMAL ESSENCE in commerce despite the United States Patent and Trademark Office's express refusal of Defendants' federal trademark application based on Plaintiff's senior registration, repeated written demands from Plaintiff's counsel, and Defendants' own representations that they would cease, desist, rebrand, and complete corrective compliance. To date, Defendants have only taken partial, delayed, and undisclosed corrective actions that are insufficient to establish voluntary cessation. Defendants continue to maintain claimed trademark rights in the infringing mark in jurisdictions overlapping with Plaintiff's senior domestic and international registrations, creating a continuing threat of harm to Plaintiff's trademark rights in the United States and abroad.

3. Plaintiff seeks permanent injunctive relief; a judgment awarding an accounting and disgorgement of Defendants' profits, actual and enhanced damages, and requiring Defendants to surrender, abandon, withdraw, cancel, assign, or otherwise relinquish domestic and foreign trademark filings for the infringing mark; plus, attorneys' fees as an exceptional case under 15 U.S.C. § 1117(a), costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and 28 U.S.C. §§ 1331 and 1338(a) and (b), because this action arises under the federal trademark laws of the United States.

5. This Court has personal jurisdiction over each Defendant because, as alleged more fully below, each Defendant named herein purposefully directed intentional commercial

and infringing conduct toward California, including by advertising, offering for sale, selling, and shipping infringing goods to California consumers through nationwide e-commerce channels, including Defendants' own direct-to-consumer website and Amazon.com, with knowledge that Plaintiff is a California corporation and that resulting harm would be suffered in California.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District, including Defendants' California-directed sales and offers for sale, confusion among California consumers and trade contacts, and injury to Plaintiff at its principal place of business in Oxnard, California.

## PARTIES

7. Plaintiff PRIMAL ESSENCE INC. ("Plaintiff" or "PEI") is a California corporation with its principal place of business at 1351 Maulhardt Ave, Oxnard, California 93030.

8. Upon information and belief, Defendant TALLOWBOURN LLC, formerly known as DR. DAVE'S PRIMAL ESSENCE LLC ("Tallowbourn" or "Defendant"), is a limited liability company organized under the laws of Maryland, with its stated principal place of business at 7820 B Worman's Mill Rd, Ste 208, Frederick, Maryland 21701. On or about January 22, 2026, Tallowbourn changed its corporate name from "Dr. Dave's Primal Essence LLC" to "Tallowbourn LLC."

9. Upon information and belief, Defendant David J. Maloney (aka "David Joseph Maloney" and "Dave Maloney" or "Defendant") is an individual residing at 1721 Canal Clipper Ct, Point of Rocks, MD 21777, is a citizen of the United States of America, and is a principal member, partner, founder and/or officer of Defendant Tallowbourn LLC with a PhD in Organic Chemistry. Defendant David J. Maloney appears personally on Defendants' website, in Defendants' Amazon advertising and promotional materials and

on social media for the goods bearing the infringing mark, and is the named applicant and registrant in his individual capacity of Madrid International Registration No. 1819569 and the national designations issued thereunder.

10. Upon information and belief, Defendant Lisa Maloney ("Lisa Maloney" or "Defendant") is an individual residing at 1721 Canal Clipper Ct, Point of Rocks, MD 21777, is a citizen of the United States of America, and is a principal participant in, and publicly held-out founder of Defendant Tallowbourn LLC. On Defendants' company website, Lisa Maloney is identified as a founder or co-founder of Tallowbourn, has a professional background as a Senior Account Manager / Senior Client Relationship Manager at biotech firms, appears personally in Defendants' Amazon advertising for the infringing products, pays operating expenses of Tallowbourn, and holds a joint bank account with Dave Maloney through which revenues and expenses of Tallowbourn are received and paid.

11. Upon information, belief and upon Defendants' own representations that Tallowbourn, LLC is the same entity as Dr. Dave's Primal Essence, LLC operating under a changed name, Tallowbourn, LLC is the alter ego and mere continuation of Dr. Dave's Primal Essence, LLC, and shares common ownership, management, operations, and assets, such that adherence to the fiction of their separate existence would sanction fraud and promote injustice. Upon information and belief, Defendant David J. Maloney exercises sufficient dominion and control over both entities such that they have no independent existence separate from him. Plaintiff is therefore entitled to hold each Defendant jointly and severally liable for the acts of the others.

12. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is legally responsible in some manner for the wrongful acts alleged herein. Plaintiff will amend this Complaint to show

the true names and capacities of such Defendants when they have been ascertained.

**PLAINTIFF PRIMAL ESSENCE, INC. AND ITS PRIMAL ESSENCE MARK**

13. Since 1998, Plaintiff has continuously sold, designed, formulated, manufactured, marketed, and distributed premium herbal, spice, floral, and botanical extracts; oils, oleoresins, antioxidant blends, and custom and proprietary culinary and supplement preparations; teas and tea extracts; dietary, nutritional, medicinal formulas and supplements; and related goods, all under its trademark PRIMAL ESSENCE (the "PRIMAL ESSENCE Mark"). Plaintiff is domiciled in California and conducts its operations from California.

14. Plaintiff first obtained federal trademark registration for the PRIMAL ESSENCE Mark on September 27, 2005, under United States Trademark Registration No. 3,001,173, registered on the Principal Register of the United States Patent and Trademark Office (hereafter the “USPTO”) in International Class 30, covering natural herbal extracts, teas, spices, and coffee extracts for food purposes, with a claimed date of first use of May 1998 and first use in commerce of March 1999. That registration was continuously maintained for more than ten years and was superseded without interruption by the registration described in the following paragraph.

15. Plaintiff is the owner of the valid and subsisting United States Trademark Registration No. 5,108,577, registered on the Principal Register of the USPTO on December 27, 2016 in International Class 30, covering coffee extracts, herb tea, natural spices, natural sweeteners, spice blends, spices, tea, edible spices, organic spices, and tea extracts. The registration claims a date of first use of May 1998 and first use in commerce of March 1999, consistent with Plaintiff's continuous use of the PRIMAL ESSENCE Mark since those dates and has achieved incontestable status pursuant to 15 U.S.C. § 1065. A true and correct copy of the registration certificate is attached hereto as Exhibit 1.

16. Plaintiff is the owner of valid and subsisting US Trademark Registration No. 7,378,916, registered on the Principal Register of the USPTO on May 7, 2024, in International Class 5, covering an extensive line of dietary, nutritional, and medicinal supplements; herbal supplements; medicinal herb and plant extracts; nutraceuticals; herbal teas and beverages for medicinal purposes; vitamin and mineral supplements; and related goods. Plaintiff is expressly identified as the owner of U.S. Trademark Registration No. 5,108,577 with claimed date of first use on May 10, 1998 and first use in commerce of March 30, 1999. A true and correct copy of this registration certificate is attached hereto as Exhibit 2.

17. Plaintiff is the owner of International Registration No. 1,360,922 for the PRIMAL ESSENCE Mark, registered through the World Intellectual Property Organization (hereafter "WIPO") under the Madrid Protocol on May 19, 2017, in International Class 30. WIPO International Registration No. 1,360,922 designates the European Union and Australia, providing Plaintiff with registered trademark protection across Australia and European Union member states Austria, Belgium, Bulgaria, Croatia, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Ireland, Italy, Latvia, Lithuania, Luxembourg, Malta, the Netherlands, Poland, Portugal, Romania, Slovakia, Slovenia, Spain, and Sweden. A true and correct copy of the WIPO Certificate of Registration is attached hereto as Exhibit 3.

18. Plaintiff is the owner of Australian Trade Mark No. 1,866,590, granted protection on April 9, 2018 as an extension of WIPO International Registration No. 1,360,922 in International Class 30, to be renewed May 19, 2027. A true and correct copy of the Australian Statement of Grant of Protection and Certificate of Extension of Protection is attached hereto as Exhibit 4.

19. Plaintiff is the owner of United Kingdom Trade Mark No. UK00801360922, registered January 19, 2018 in International Class 30, with a filing date of May 19, 2017

and renewal on May 19, 2027. A true and correct copy of the United Kingdom Intellectual Property Office registration record is attached hereto as Exhibit 5.

20. Plaintiff is the owner of Canadian Trademark Registration No. TMA1,080,866 (Application No. 1,832,587), registered August 4, 2020, in International Class 30, claiming use in Canada since before May 5, 2016. A true and correct copy of the Canadian Certificate of Registration is attached hereto as Exhibit 6.

21. Plaintiff's trademark registration certificates prominently and unambiguously identify Plaintiff as "PRIMAL ESSENCE, INC. (CALIFORNIA CORPORATION)" and list Plaintiff's address as 1351 Maulhardt Avenue, Oxnard, California 93030. Plaintiff's identity as a California corporation also appears on the registration certificate attached to the USPTO Office Action issued on June 5, 2024 refusing Defendants' application for the mark DR. DAVE'S PRIMAL ESSENCE based on Plaintiff's prior registered mark.

22. Plaintiff has used the PRIMAL ESSENCE Mark continuously and exclusively in interstate commerce for more than 25 years, starting in May 1998, decades before Defendants' first claimed use of the infringing mark in 2023. Plaintiff has used the PRIMAL ESSENCE Mark continuously in foreign jurisdictions and in international commerce since 2016.

23. Plaintiff's incontestable registration under 15 U.S.C. § 1065 constitutes compelling conclusive evidence of the validity of the PRIMAL ESSENCE Mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive rights to use the mark in commerce.

24. Plaintiff's two United States federal and four foreign trademark registrations together constitute a unified, cumulative portfolio of registered trademark rights in the PRIMAL ESSENCE Mark, evidencing Plaintiff's longstanding and expanding line of goods and rights in the PRIMAL ESSENCE Mark across International Classes 5 and 30.

25. As a result of Plaintiff's continuous and exclusive use of the PRIMAL ESSENCE Mark, Plaintiff owns valid and subsisting federal statutory and common law rights

throughout the United States and corresponding registered rights abroad, including in jurisdictions where Defendants have sought trademark protection for the infringing mark.

26. Plaintiff's federal registrations confer nationwide constructive notice of Plaintiff's claim of ownership of the PRIMAL ESSENCE Mark from the date each registration issued, pursuant to 15 U.S.C. § 1072. Combined with Plaintiff's continuous actual use of the mark since May 1998, Plaintiff's rights in the PRIMAL ESSENCE Mark are senior to any rights Defendants could claim in any designation incorporating the wording PRIMAL ESSENCE.

27. Plaintiff's rights also extend to goods within the natural zone of expansion of Plaintiff's registered uses, including botanical, herbal, and natural wellness products and Class 3 personal-care/skincare goods of the type Defendants have marketed under the infringing mark. The goods Plaintiff offers under the PRIMAL ESSENCE Mark are of high quality and are formulated to exacting standards for purity, sourcing, natural extraction methodology and consistency, reflecting Plaintiff's enduring commitment to premium botanical and herbal product production.

28. Plaintiff has invested substantial time, money, and resources in marketing, advertising, and promoting goods sold under and bearing the PRIMAL ESSENCE Mark through multiple commercial channels. Plaintiff operates an extensive wholesale business supplying premium herbal, botanical and wellness goods including but not limited to national grocery retailers, restaurant supply chains, food service distributors, and the professional culinary trade. Plaintiff also sells directly to consumers through its website at www.primalessence.com and online marketplaces accessible to consumers in California and throughout the United States. The PRIMAL ESSENCE Mark enjoys wide recognition among both retail consumers and sophisticated trade purchasers.

29. As a result of Plaintiff's substantial expenditures, marketing efforts, and continuous use of the PRIMAL ESSENCE Mark over more than twenty-five years, the mark has

acquired substantial distinction, reputation, and consumer goodwill, serves as a recognized source identifier for Plaintiff's botanical, herbal, supplement and related goods, and signifies to both consumers and the trade the high quality of the goods offered under the mark. This distinction, reputation and goodwill belong exclusively to Plaintiff.

**DEFENDANTS' WILLFUL INFRINGEMENT AND FORUM-DIRECTED CONDUCT**

30. Defendant Tallowbourn LLC, formerly known as and herein interchangeably referred to as Dr. Dave's Primal Essence LLC, has at all relevant times advertised, offered for sale and sold goods bearing the infringing mark through multiple interactive commercial channels whereby Defendants promoted and advertised products to consumers nationwide, including consumers in California. The channels used by Defendants are primarily (a) its own direct-to-consumer e-commerce site, www.tallowbourn.com, previously operating at www.ddprimalessence.com, operated by Defendants continuously since 2023 and on information and belief, currently continuing as a redirect from www.ddprimalessence.com to www.tallowbourn.com; (b) the third-party online marketplace Amazon.com, a worldwide commercial marketplace; (c) social media platforms including but not limited to Facebook, Instagram, YouTube and TikTok; and (d) other sales outlets, i.e. eBay, et al.

31. Defendant David J. Maloney has admitted under oath that Tallowbourn sells lip balm, deodorant, body balm, soap, and sun balm through its website and Amazon, shipping nationwide including to California consumers, from the Maloneys' home in Maryland and a third-party logistics warehouse in Oklahoma. Defendants use the DR. DAVE'S PRIMAL ESSENCE mark directly on and in connection with the sale of goods on product labels, images, titles, and descriptions, website pages, and Amazon listings. Representative captures of Defendants' use of the DR. DAVE'S PRIMAL ESSENCE designator in connection with those goods and channels are attached as Exhibit 7.

32. Defendant David J. Maloney has admitted under oath that goods bearing the infringing mark were shipped by Tallowbourn to Amazon for nationwide distribution through at least December 2025, notwithstanding Defendants' August 2025 representation that new shipments of products bearing the infringing mark to warehouses had ceased.

33. Defendants recently revealed they are utilizing a stamp containing the words “Distributed by Dr. Dave's Primal Essence” on product packaging, and continuing to ship goods bearing that infringing mark. A screenshot of the stamp used by Defendants appears below:




34. Defendants, and each of them, have failed to provide any compliance declaration or other verification, leaving Plaintiff without any means to confirm what goods bearing the infringing mark have been shipped, sold, or remain in distribution channels, including into California, through the present date.

35. On June 5, 2024, the USPTO issued an Office Action in response to Defendants' trademark application Serial No. 98215541 for DR. DAVE'S PRIMAL ESSENCE, wherein the Examiner expressly cited and attached Plaintiff’s prior-registered PRIMAL ESSENCE trademark, U.S. Reg. No. 7,378,916, as a basis for refusal under Section 2(d). The cited registration identifies the owner on its face as “(REGISTRANT) PRIMAL ESSENCE INC (CORPORATION; CALIFORNIA, USA)” with its principal place of business in Oxnard, California. This information was transmitted directly to Defendants' trademark counsel on June 5, 2024. A true and correct copy of the relevant portions of the USPTO Office Action of June 5, 2024 is attached as Exhibit 8.

36. On March 26, 2025, Defendants filed a response to the June 5, 2024 Office Action arguing against any likelihood of confusion with another cited application, while

simultaneously ignoring the Examiner's refusal based on Plaintiff's PRIMAL ESSENCE registration. That response necessarily required Defendants and their counsel to examine Plaintiff's cited registration and identified goods. A true and correct copy of Defendants' March 26, 2025 response to the USPTO Office Action is attached as Exhibit 9.

37. On April 22, 2025, the USPTO Examiner issued a Final Office Action again citing Plaintiff's registration no. 7,378,916 and refusing registration to Defendants. A true and correct copy of USPTO's Final Office Action of April 22, 2025 is attached as Exhibit 10.

38. The USPTO's June 5, 2024 Office Action citing refusal based on Plaintiff's senior registration charged each Defendant with knowledge of Plaintiff as a California corporation and that continued use of the infringing mark in commerce would reach and cause injury to a California trademark owner. By the date of filing of this Amended Complaint, two years will have elapsed since Defendants first received that notice — two years during which Defendants continued to sell goods bearing an infringing mark, maintained national and international trademark filings for the infringing mark, resisted entry of any enforceable relief, and continued to cause harm to Plaintiff's trademark rights and to Plaintiff's business in California and in the United States.

39. On May 19, 2025, Plaintiff's California counsel sent Defendants a written demand letter asserting Plaintiff's senior rights, attaching Plaintiff's trademark registration certificates, and invoking the USPTO's final refusal dated April 22, 2025. Thus, by May 19, 2025, each Defendant had actual and verifiable notice that Plaintiff was a California entity asserting federal, foreign and California-based rights and harms.

40. Plaintiff's June 11, 2025 demand letter expressly identified Plaintiff as a California business and California as Plaintiff's home state, providing Defendants' counsel with written notice that Plaintiff is a California corporation suffering harm in California. Defendants nonetheless continued to ship goods bearing the infringing mark to Amazon for nationwide distribution, including into California, for over seven months thereafter.

41. Despite the Examiner's repeated refusals and Plaintiff's written demands asserting Plaintiff's senior trademark rights, on July 18, 2025, Defendants filed a Request for Extension of Time to Respond to Final Office Action with the USPTO in connection with their DR. DAVE'S PRIMAL ESSENCE trademark application serial no. 98215541. A true and correct copy of that request is attached hereto as Exhibit 11. Rather than abandon their application in deference to Plaintiff's senior rights, Defendants chose to press forward with prosecution. Such conduct underscores the knowing, willful, and bad-faith character of their continued assertion of trademark rights in the infringing designation.

42. Defendants then represented to Plaintiff that they were rebranding, but continued to ship goods bearing the infringing mark to Amazon for nationwide distribution, including into California, through at least the end of 2025, more than seven months after the first demand letter and more than eighteen months after the USPTO Examiner first cited Plaintiff's senior registration. Throughout all relevant periods, Defendants also continued to use and maintain DR. DAVE'S PRIMAL ESSENCE as their corporate identity and as the named applicant of record on multiple pending USPTO trademark applications, including Defendants' U.S. Registration Nos 8,093,202 and 8,092,955.

43. Defendant David J. Maloney is independently subject to this Court's personal jurisdiction because he personally committed intentional acts of trademark infringement expressly aimed at and causing harm to Plaintiff in California. He has admitted under oath that he is the sole member, manager, and decision-maker of the corporate Defendant; that he personally founded the corporate entity, and invented, formulated, and labeled the infringing goods; that he personally selected the infringing mark DR. DAVE'S PRIMAL ESSENCE; that he personally authorized the filing of the USPTO trademark application that triggered the June 5, 2024 Office Action citing Plaintiff's California-based registration; that Tallowbourn sells the infringing goods through both its own e-commerce website and Amazon's nationwide marketplace; and that he personally directed both the

rebrand and the January 22, 2026 corporate name change.

44. Further evidencing his personal dominion and control over the infringing mark, Defendant David J. Maloney personally executed trademark assignment documents conveying the DR. DAVE'S PRIMAL ESSENCE application, Serial No. 98215541, and its associated International Trademark Application No. A0146092, from himself individually, as David Maloney and David Joseph Maloney to Dr. Dave's Primal Essence, LLC, signing both as assignor and as 'Founder' of the assignee entity. This demonstrates that David J. Maloney treated the infringing mark as his personal asset and exercised complete personal control over its prosecution, assignment, and international expansion. True and correct copies of those assignment documents are attached hereto as Exhibit 12. See Appendix A to Exhibit 12 for International Trademark Application reference.

45. Defendant David J. Maloney also personally appeared on camera and narrated promotional video content advertising the infringing goods under the infringing mark, including a video produced for and disseminated through Amazon.com's "Sell on Amazon" seller-feature platform publicized on or about June 17, 2024, in which he is identified on screen as "Founder, Dr. Dave's Primal Essence." In that video, Defendant David J. Maloney stated that "[s]witching to FBA has been huge for us," and that Defendants' "first shipment to FBA was 10 products, and now we're shipping upwards of 500 SKUs each week," thereby promoting Defendants' Amazon-based distribution strategy and confirming Defendants' high-volume use of Amazon's nationwide marketplace as a sales channel for the infringing goods. "FBA" refers to Fulfillment by Amazon, Amazon's fulfillment service, and "SKU" refers to a stock keeping unit used to identify a product or product variant. The video was accessible to and viewed by California consumers.

46. Defendant Lisa Maloney is independently subject to this Court's personal jurisdiction because she personally committed intentional acts of trademark infringement

expressly aimed at and causing harm to Plaintiff in California. Defendant Lisa Maloney is publicly identified by Defendants and by Amazon.com as a "Founder" of Dr. Dave's Primal Essence in a promotional video disseminated through Amazon.com's "Sell on Amazon" seller-feature platform dated June 17, 2024, the headline of which identifies "Dave and Lisa Maloney" as "founders of Dr. Dave's Primal Essence." The 'Founder' designation is not merely a marketing label since Defendant David J. Maloney himself signed trademark assignment documents conveying the DR. DAVE'S PRIMAL ESSENCE application and associated international trademark rights to Dr. Dave's Primal Essence, LLC in his capacity as 'Founder' of that entity, confirming that 'Founder' reflects an actual ownership and control role within the enterprise, not a ceremonial title. In that video, Defendant Lisa Maloney personally appeared on camera, described "starting the new company" as something that "takes a lot of our time," and endorsed Amazon as a distribution channel for the infringing goods, stating in substance that "because of Amazon, we were able to go so many places." That video was disseminated through Amazon's nationwide platform and was accessible to and viewed by California consumers, including during a period in which Defendants' corporate entity was shipping product bearing the infringing mark into California through that same marketplace. Representative captures identifying Dave and Lisa Maloney as founders of Dr. Dave's Primal Essence and showing their participation in Amazon-based promotion of the infringing business are attached as Exhibit 13.

47. Defendant Lisa Maloney further admits under oath that she personally participates in the commercial operations of the corporate Defendant, since she places infringing products in shipping boxes, affixes shipping labels, and performs financial functions on behalf of the corporate Defendant. On information and belief, infringing products packaged, labeled, or processed through operations in which Defendant Lisa Maloney participated has been shipped to consumers located in California.

48. Defendants' conduct has caused actual confusion among California consumers and trade contacts such that on a few occasions, persons inquired whether Defendants' DR. DAVE'S PRIMAL ESSENCE products were connected with, affiliated with, manufactured by, sponsored by, approved by, or a sub-brand or line extension of Plaintiff and Plaintiff's PRIMAL ESSENCE goods.

49. Defendants' engagement in sustained nationwide and California commercial sales through Defendants' own website, Amazon, other outlets and social media Defendants' continuing use of the infringing mark after actual or imputed knowledge that Plaintiff is a California corporation holding federally registered trademark rights senior to any rights claimed by Defendants, each Defendant has expressly aimed intentional, infringing conduct at California and at Plaintiff's federally protected trademark rights. By continuing to ship goods bearing the infringing mark into California for more than seven months after express written demand to cease; personally participating in advertising, distribution, and commercial operations reaching California and consumers throughout the United States; maintaining commercial contacts with California during the infringing period; and causing actual confusion among consumers and trade contacts, each Defendant has expressly aimed intentional, infringing conduct at California and at Plaintiff's federally protected trademark rights. Plaintiff's claims arise out of and relate to those forum-directed contacts, and the exercise of personal jurisdiction over each Defendant comports with due process and Federal Rule of Civil Procedure 4(k).

**DEFENDANTS' ADOPTION, USE, AND CONTINUED USE OF THE INFRINGING MARK**

50. Beginning in or about 2023, Defendants adopted and began using the mark DR. DAVE'S PRIMAL ESSENCE in commerce in connection with personal care, body care, skin care, and related natural wellness goods, including lip balm, deodorant, body balm, soap, sun balm, and related products.

51. Defendants used the infringing mark not merely as a product name, but as the central source-identifying designation for their business, products, packaging, online storefronts, advertising, Amazon listings, social media, website content, trademark applications, and corporate identity. Defendants' use of the infringing mark was not ornamental, incidental, or merely referential; Defendants used DR. DAVE'S PRIMAL ESSENCE as a source-identifying designation for the business and goods themselves.

52. For approximately two years, Defendants advertised, promoted, offered for sale, sold, and distributed goods under the infringing designation DR. DAVE'S PRIMAL ESSENCE through Defendants' own e-commerce website, Amazon.com, social media pages, videos, testimonials, and related fulfillment channels, including distribution from Maryland, a third-party logistics warehouse in Oklahoma, and through Amazon's nationwide fulfillment network.

53. Defendants' infringing use was widespread and systematic. Plaintiff has identified numerous product images, online listings, archived webpages, commercial postings, promotional materials and marketplace uses displaying the infringing mark DR. DAVE'S PRIMAL ESSENCE on or in direct connection with Defendants' goods. Representative examples are attached as Exhibit 14. These examples are illustrative and not exhaustive.

54. Defendants' infringing use was and still is visible to consumers throughout the United States, including in California, and not confined to a local or geographically limited market. Defendants deliberately used nationwide e-commerce channels, including Amazon.com, to promote and sell the infringing goods to consumers wherever Amazon and Defendants' own website accepted and fulfilled orders.

55. Defendants' adoption and use of the infringing designation was and is likely to cause consumers to believe mistakenly that Defendants' goods were sponsored by, affiliated with, approved by, licensed by, connected with, or otherwise associated with Plaintiff and Plaintiff's long-established PRIMAL ESSENCE brand.

56. Defendants' infringing use creates the same dominant commercial impression as Plaintiff's PRIMAL ESSENCE Mark. In Defendants' marketplace use, the wording PRIMAL ESSENCE appears prominently on product labels, product images, advertising materials, website content, Amazon listings, and related online identifiers, while the added words "DR. DAVE'S" function as a subordinate personal-name modifier, appearing in a smaller font size. Consumers encountering the designation DR. DAVE'S PRIMAL ESSENCE are therefore likely to perceive "DR. DAVE'S" as identifying a practitioner, founder, endorser, formulation, or line extension associated with the senior PRIMAL ESSENCE brand, rather than as a source-distinguishing element.

57. Defendants' goods are so closely related to Plaintiff's goods such that they fall within the same natural wellness, botanical, herbal, supplement, body-care, and personal-care commercial space in which consumers commonly encounter related products under a common brand source. Plaintiff's existing botanical, herbal, floral, plant-extract, supplement, tea, and natural wellness product lines make expansion into adjacent skincare, body-care, balm, soap, deodorant, and personal-care goods natural and foreseeable. The likelihood of confusion is further increased because the goods are sold through online channels where consumers encounter marks in product titles, thumbnail images, search results, sponsored listings, product descriptions, marketplace pages, and abbreviated online displays. In that context, Defendants' use of the identical wording PRIMAL ESSENCE, with only the subordinate addition "DR. DAVE'S," is especially likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, approval, line extension, or common origin.

58. On June 5, 2024, the USPTO refused Defendants' federal application for DR. DAVE'S PRIMAL ESSENCE based on Plaintiff's prior-registered PRIMAL ESSENCE Mark. The Examiner attached Plaintiff's registration certificate and identified Plaintiff as a California corporation with its principal place of business in Oxnard, California.

59. Defendants, through counsel, filed their response to that Office Action on March 26, 2025, arguing against the likelihood of confusion refusal. By doing so, Defendants necessarily reviewed Plaintiff's cited registration, Plaintiff's identified goods, and the USPTO's definitive determination that Defendants' mark is confusingly similar to Plaintiff's senior PRIMAL ESSENCE Mark. See Exhibits 8 and 9.

60. On April 22, 2025, the USPTO issued its Final Office Action refusing Defendants' application for DR. DAVE'S PRIMAL ESSENCE based on Plaintiff's senior registration.

61. Despite the USPTO's continued and final refusal and Plaintiff's later written demands, Defendants continued to advertise, offer for sale, sell, ship, and distribute goods bearing or associated with the infringing mark through approximately the end of 2025 and well into 2026. Representative examples of Defendants' post-notice public-facing use and continued marketplace presence are attached as Exhibit 15.

62. Defendants continued use of the infringing mark after clear notice of infringement from both the USPTO and from Plaintiff was not inadvertent, accidental, or the result of innocent adoption. Defendants had actual knowledge of Plaintiff's rights and nevertheless continued commercial use of the infringing designation while pursuing their own trademark filings, maintaining marketplace listings, and shipping products bearing the infringing mark through nationwide channels.

63. Defendants' partial rebranding activities did not eliminate the infringement or establish complete voluntary cessation of infringing use. On information and belief, infringing uses remained visible, operational, or capable of recurrence through product listings, product images, titles, descriptions, search terms, seller pages, metadata, archived pages, backend identifiers, Amazon Standard Identification Numbers (ASIN), SKU data, fulfillment records, marketplace content, corporate identity materials, trademark filings, foreign trademark records, and other advertisements or commercial materials associated with Defendants' goods and marketplace continuity mechanisms.

64. Defendants' use of the infringing mark from its first claimed use in late 2023 until the USPTO's first refusal in June 2024 did not establish meaningful peaceful coexistence with Plaintiff. Moreover, Defendants continued to use the infringing mark even after receiving actual notice of Plaintiff's senior rights, resulting in actual confusion among consumers and trade contacts during and after that period.

65. Plaintiff's incontestable registration is conclusive evidence of the validity of the PRIMAL ESSENCE Mark, of Plaintiff's ownership, and of Plaintiff's exclusive right to use it in commerce, and forecloses any challenge to the mark's validity premised on the asserted descriptiveness or weakness of its component terms. Upon information and belief, Defendants have not identified, and Plaintiff is not aware of, any marketplace evidence showing widespread third-party use of the combined mark PRIMAL ESSENCE for related botanical, herbal, supplement, wellness, personal-care, or body-care goods sufficient to weaken Plaintiff's senior mark or to reduce the likelihood that consumers would associate Defendants' PRIMAL ESSENCE-branded goods with Plaintiff. Third-party uses of the component words 'primal' or 'essence' in isolation, or as part of unrelated compound marks, do not diminish the distinctiveness of the combined PRIMAL ESSENCE mark, which functions as a unified source identifier that is greater than the sum of its parts.

**DEFENDANTS’ BAD FAITH, WILLFULNESS, AND ABSENCE OF COMPLETE VOLUNTARY CESSATION**

66. Defendants’ infringement was and remains knowing, deliberate, willful, and continued in bad faith. After receiving actual notice from the USPTO of Plaintiff’s senior registered rights, repeated written notice from Plaintiff’s counsel asserting those rights, notice of Plaintiff’s California domicile, and notice that continued use of the infringing designation was likely to cause confusion, Defendants nonetheless continued to infringe Plaintiff’s PRIMAL ESSENCE Mark. Defendants also continued prosecuting national

and international trademark applications for the infringing designation and refused to execute any enforceable corrective agreement.

67. Defendants induced Plaintiff to allow them an extended rebranding period by representing that they would rebrand, discontinue all use of the infringing designation, and memorialize those commitments in an enforceable written agreement. Having obtained additional time on that basis, Defendants rebranded only partially, refused to execute any enforceable agreement, and ultimately abandoned negotiations when Plaintiff proposed terms requiring meaningful cessation and compliance commitments. Defendants' ongoing pattern of promising voluntary compliance while avoiding enforceable accountability constitutes willfulness and bad faith and further supports Plaintiff's entitlement to injunctive relief and enhanced damages.

68. Plaintiff reasonably relied on Defendants' representations to its detriment, foregoing injunctive legal action while Defendants' incomplete and fluctuating compliance continued long past the promised December 2025 deadline. Disputes persisted regarding remaining marketplace listings, website content, metadata, seller identifiers, product packaging, trademark applications, and corporate name materials; none of which were resolved through any enforceable agreement.

69. Throughout all relevant periods, Defendants' conduct forced Plaintiff to expend resources monitoring Defendants' compliance without the benefit of any compliance declaration or other enforceable assurance against continued or resumed infringement, leaving Plaintiff exposed to ongoing harm with no legal mechanism to compel complete remediation.

70. At all relevant periods, Defendants continued to maintain Dr. Dave's Primal Essence LLC as their corporate identity and as the named applicant or subject designation in pending domestic and international trademark matters, compounding the public record association between the infringing designation and Defendants' business.

71. In mid-January 2026, when Plaintiff renewed its demand that Defendants change the corporate name "Dr. Dave's Primal Essence LLC," Defendants expressly refused. Defendants then changed their name to "Tallowbourn LLC" on January 22, 2026, without disclosure to Plaintiff. As a result, Plaintiff was unaware of the change when the original Complaint was filed herein and unable to assess whether Defendants had made corresponding corrective filings with the USPTO or foreign trademark authorities. Defendants' undisclosed name change after express refusal is consistent with their broader pattern of partial, delayed, and unidentified corrective action(s).

72. Defendants' undisclosed and belated corrective actions do not moot Plaintiff's claims and do not constitute complete voluntary cessation. Representative evidence of Defendants' prior and continued marketplace use, together with Defendants' maintained trademark filings and delayed corporate name change, demonstrate that Defendants purposefully retained the practical ability to continue, resume, and benefit from the infringing designation. By changing some uses in commerce while retaining trademark filings, foreign registrations, marketplace remnants, product-listing data, goodwill associated with the infringing name, and/or the ability to resume use, Defendants have demonstrated no reliable assurances that their challenged conduct will not be repeated.

73. After this action was filed, through counsel, Defendants declined Plaintiff's request to waive service under Federal Rule of Civil Procedure 4(d). Once formally served, Defendants retained California counsel and secured an extension of time to respond. Defendants' original counsel immediately reassumed primary representation, agreeing to enter into an enforceable written agreement between the parties. Thereafter, Plaintiff engaged in good faith efforts for four (4) weeks to negotiate terms that would prevent continued confusion and renewed infringement.

74. Despite Plaintiff's efforts, Defendants ultimately refused to enter any enforceable agreement. Defendants instead repeated their pattern of promising voluntary rebranding,

failing to complete corrective action, making undisclosed or belated changes, maintaining trademark filings, and refusing enforceable assurances, rendering their cessation efforts incomplete, unreliable, and insufficient. Defendants cannot meet the heavy burden of showing that their wrongful conduct could not reasonably be expected to recur.

75. Defendants' repetitive conduct demonstrates bad faith and willfulness. After receiving actual notice of Plaintiff's senior rights, instead of promptly ceasing all use of the infringing mark, Defendants continued commercial sales, maintained marketplace activity, pursued and preserved foreign trademark rights, and resisted any enforceable remediation, each of which independently supports a finding of willful infringement and to be deemed an exceptional case under 15 U.S.C. § 1117(a).

76. Defendant David J. Maloney's personal ownership and pursuit of trademark rights in the infringing designation further demonstrates that Defendants have not abandoned the infringing mark. On information and belief, Defendant David J. Maloney is the named applicant, registrant, or owner of international trademark rights or applications for DR. DAVE'S PRIMAL ESSENCE, including Madrid International Registration No. 1819569 and national designations issued or sought thereunder. A true and correct copy of the WIPO records are attached hereto as Exhibit 16.

77. Defendants' international trademark portfolio includes designations or filings in jurisdictions that overlap with Plaintiff's senior registered rights, including Australia, Canada, the European Union and the United Kingdom, among others. Defendants' pursuit and maintenance of such rights threaten Plaintiff's international trademark portfolio, illustrate that Defendants' infringement is not limited to past domestic sales, and obviates that complete relief requires both domestic injunctive relief and an order requiring Defendants to abandon, assign, or otherwise relinquish all foreign filings for the infringing mark. See Exhibit 16.

//

78. On information and belief, Defendants also obtained or pursued protection for DR. DAVE'S PRIMAL ESSENCE in Brazil after Defendants had long been on notice of Plaintiff's senior rights; Exhibit 16 reflects a Brazil grant of protection recorded on November 28, 2025 and notified on December 1, 2025.

79. Defendants' continued maintenance, assertion, or failure to abandon trademark applications, registrations, designations, claimed rights, or the practical ability to resume use of DR. DAVE'S PRIMAL ESSENCE is inconsistent with any claim of complete voluntary cessation and creates a continuing threat of resumed use, marketplace confusion, and interference with Plaintiff's domestic and foreign trademark rights.

80. Plaintiff has suffered and continues to suffer harm as a result of Defendants' conduct, including consumer confusion, loss of control over Plaintiff's mark and reputation, diversion of goodwill, interference with Plaintiff's brand identity and impairment of Plaintiff's ability to preserve the distinctiveness of its PRIMAL ESSENCE Mark in the United States and abroad as well as substantial enforcement costs incurred as a direct result of Defendants' conduct.

81. At all relevant times, Defendants' conduct was undertaken with knowledge of Plaintiff's senior rights and with reckless disregard for the likelihood of confusion and injury to Plaintiff. Defendants' knowing and willful infringement renders this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitles Plaintiff to the full range of available relief.

## FIRST CAUSE OF ACTION
## Federal Trademark Infringement
## 15 U.S.C. § 1114(1)

82. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 81 above as though fully set forth herein.

83. Plaintiff is the owner of valid and subsisting United States federal trademark registrations for the PRIMAL ESSENCE Mark on the Principal Register, including U.S.

Trademark Registration Nos. 5,108,577 and 7,378,916 each registered to and owned by Plaintiff Primal Essence, Inc., a California corporation. Registration No. 5,108,577 is incontestable.

84. Defendants, without Plaintiff's consent or authorization, have used and continue to use in commerce reproductions, copies, and colorable imitations of Plaintiff's registered PRIMAL ESSENCE Mark in connection with the sale, offering for sale, distribution, advertising, and marketing of personal-care, body-care, skincare, and related natural wellness goods, including by displaying the infringing mark DR. DAVE'S PRIMAL ESSENCE on product labels, product packaging, product images, product titles, product descriptions, mailing packages, Amazon marketplace listings, Defendants' direct-to-consumer website content, social media advertising and testimonials including but not limited to Instagram, Facebook, YouTube and TikTok, other promotional video content and online advertising, and on trademark applications and registrations filed with the USPTO and with foreign trademark authorities.

85. Defendants' use of the PRIMAL ESSENCE wording is identical to Plaintiff's registered PRIMAL ESSENCE Mark, and the added wording "DR. DAVE'S" functions in Defendants' marketplace use as a subordinate personal-name modifier that fails to eliminate the likelihood of confusion. The goods in connection with which Defendants use the infringing mark are related to and overlap with the goods covered by Plaintiff's federal registrations in International Classes 5 and 30. Defendants' goods also fall within the natural zone of expansion of Plaintiff's registered uses, as both parties operate in the natural, botanical, herbal, and wellness product space and sell through overlapping consumer bases and channels of commerce.

86. Defendants' use of the infringing mark in commerce is likely to cause confusion, to cause mistake, and to deceive consumers and trade contacts as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants and Defendants'

goods with or by Plaintiff. Defendants' use of the infringing designation has caused actual confusion among consumers and trade contacts, including in California.

87. Defendants' conduct constitutes infringement of Plaintiff's federally registered trademarks in violation of 15 U.S.C. § 1114(1).

88. Defendants Tallowbourn LLC (f/k/a Dr. Dave's Primal Essence, LLC), David J. Maloney, and Lisa Maloney are each personally liable for the infringement alleged in this cause of action. Defendant David J. Maloney personally selected the infringing mark and authorized the filing of the USPTO trademark application that triggered the June 5, 2024 Office Action; personally directed all commercial operations of the corporate Defendant; personally appeared in promotional video content advertising goods bearing the infringing mark; personally executed trademark assignment documents conveying the infringing mark and associated international rights; and personally owns international trademark registrations for the infringing mark. David J. Maloney is the moving, active, and conscious force behind all infringing conduct.

89. Defendant Lisa Maloney is publicly identified as a "Founder" of Dr. Dave's Primal Essence, "Founder" being a designation confirmed by Defendant David J. Maloney's own execution of trademark assignment documents. Lisa Maloney personally appears in and endorses promotional video content advertising the infringing goods through Amazon's nationwide platform, personally participates in the commercial operations of the corporate Defendant, and participates and financially benefits from the infringing sales through a joint bank account into which all revenues of the infringing business are deposited.

90. In addition to their direct liability, each individual Defendant is liable as a contributory infringer having knowingly induced and materially contributed to the infringing conduct of the corporate Defendant. Defendant Lisa Maloney materially contributed to the infringing conduct by participating in commercial operations including

packaging, shipping, and financial administration of the infringing business, and by personally appearing in and endorsing promotional content disseminated through Amazon's nationwide marketplace. Each individual Defendant is further liable as a vicarious infringer, having had the right and ability to supervise and control the infringing activity and having a direct financial interest in its proceeds: David J. Maloney as an owner and manager of the corporate Defendant, and Lisa Maloney through her joint ownership of the bank account into which all revenues of the infringing business are deposited and her public identification and conduct as a Founder of the enterprise.

91. Defendants' infringement has been knowing, deliberate, willful, and in bad faith, as more fully alleged in the preceding paragraphs, and supports a finding that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

92. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has suffered and continues to suffer substantial and irreparable injury to its business, reputation, and goodwill, including loss of control over the PRIMAL ESSENCE Mark as a source identifier, erosion of the mark's distinctiveness, diversion of consumer goodwill, and impairment of Plaintiff's ability to exploit and enforce its trademark rights domestically and internationally, for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights, causing further irreparable harm.

93. Plaintiff is entitled to permanent injunctive relief; an accounting and disgorgement of Defendants' profits; actual damages; enhanced damages of up to three times Defendants' profits or Plaintiff's damages pursuant to 15 U.S.C. § 1117(a); a requirement that Defendants take all actions necessary to abandon, surrender, withdraw, cancel, assign, or otherwise relinquish any domestic or foreign applications/registrations they own or control for or incorporating the infringing mark, including Madrid International Registration No. 1819569 and all national designations issued thereunder; corrective

advertising and corrective marketplace measures, including corrective measures on Amazon.com and all other online marketplaces and social media platforms; reasonable attorneys' fees as an exceptional case under 15 U.S.C. § 1117(a); costs; and pre- and post-judgment interest.

**SECOND CAUSE OF ACTION**
**False Designation of Origin and Unfair Competition**
**15 U.S.C. § 1125(a)**

94. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 93 above as though fully set forth herein.

95. Plaintiff is the owner of substantial common law and federal statutory rights in the PRIMAL ESSENCE Mark, acquired through continuous, substantial, widespread, and exclusive use of the mark in interstate and international commerce since 1998 and protected by Plaintiff's federal trademark registrations and corresponding foreign registrations alleged above.

96. Defendants have used and continue to use in commerce the designation DR. DAVE'S PRIMAL ESSENCE, which incorporates Plaintiff's PRIMAL ESSENCE Mark in its entirety, as a false designation of origin and a false or misleading description and representation of fact in connection with the advertising, promotion, marketing, offering for sale, sale, and distribution of Defendants' goods, including through product labels, product packaging, product images, Amazon marketplace listings, Defendants' direct-to-consumer website, promotional video content featuring Defendants David J. Maloney and Lisa Maloney as identified "Founders" of Dr. Dave's Primal Essence, social media content, online advertising, trademark applications, and corporate identity materials.

97. Defendants' unauthorized use in commerce of the designation DR. DAVE'S PRIMAL ESSENCE, which incorporates Plaintiff's PRIMAL ESSENCE Mark in its entirety, is likely to cause confusion, to cause mistake, and to deceive consumers and trade contacts as to the origin, source, sponsorship, or affiliation of Defendants and

Defendants' goods, and is likely to cause consumers and trade contacts to believe, contrary to fact, that Defendants' goods are authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with, connected to, or approved by Plaintiff. Defendants' conduct has caused actual confusion among consumers and trade contacts, including in California.

98. Defendants' conduct constitutes trademark infringement and false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

99. Defendants Tallowbourn LLC (fka Dr. Dave's Primal Essence LLC), David J. Maloney, and Lisa Maloney are each personally liable for the conduct alleged in this cause of action, on the same grounds set forth in the First Cause of Action and incorporated herein.

100. Each individual Defendant is further liable for contributory and vicarious infringement under this Count on the same grounds set forth in paragraph 90 of the First Cause of Action, incorporated herein by reference.

101. Defendants' conduct has been knowing, deliberate, willful, in bad faith, and undertaken with two years of full knowledge of Plaintiff's senior rights with the purpose of trading upon Plaintiff's longstanding goodwill, reputation, and consumer recognition in the PRIMAL ESSENCE Mark.

102. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer substantial and irreparable injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Unless enjoined by this Court, Defendants will continue their unlawful conduct, causing further irreparable harm to Plaintiff.

103. Plaintiff is entitled to permanent injunctive relief; an accounting and disgorgement of Defendants' profits; actual damages; enhanced damages of up to three times

Defendants' profits or Plaintiff's damages pursuant to 15 U.S.C. § 1117(a); a requirement that Defendants take all actions necessary to abandon, surrender, withdraw, cancel, assign, or otherwise relinquish any domestic or foreign applications/registrations they own or control for or incorporating the infringing mark, including Madrid International Registration No. 1819569 and all national designations issued thereunder; corrective advertising and corrective marketplace measures; including on Amazon.com and all other online marketplaces and social media platforms on which Defendants have used the infringing mark; reasonable attorneys' fees as an exceptional case under 15 U.S.C. § 1117(a); costs; and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Primal Essence, Inc. respectfully prays for judgment against Defendants Tallowbourn LLC (f/k/a Dr. Dave's Primal Essence LLC), David J. Maloney, and Lisa Maloney, jointly and severally, as follows:

A. For a permanent injunction enjoining Defendants, their officers, directors, members, managers, employees, agents, contractors, attorneys, successors, assigns, and all persons in active concert or participation with them, from using, displaying, advertising, marketing, promoting, offering for sale, selling, distributing, importing, exporting, or otherwise commercially exploiting in any manner the designation DR. DAVE'S PRIMAL ESSENCE, the wording PRIMAL ESSENCE, or any other designation that is identical to, confusingly similar to, or a colorable imitation of Plaintiff's PRIMAL ESSENCE Mark, in connection with any goods or services, including in any corporate name, trade name, business name, domain name, social media handle, marketplace seller identifier, Amazon ASIN, SKU, metadata, search term, product title, product description, product image, packaging, label, advertising, promotional material, trademark application, or trademark registration.

B. For an order directing each Defendant, at Defendants' sole expense and within thirty (30) days of entry of judgment, to surrender, expressly abandon, withdraw, cancel, or assign to Plaintiff all United States and foreign trademark applications and registrations owned, controlled, or held by any Defendant for the mark DR. DAVE'S PRIMAL ESSENCE or any mark incorporating PRIMAL ESSENCE, including without limitation U.S. Application Serial No. 98,215,541, Madrid International Registration No. 1819569 and all national designations and extensions of protection issued or pending thereunder in Australia, Brazil, Canada, the European Union, France, the United Kingdom, and Mexico, or in any other jurisdiction in which protection has been sought or obtained, together with any continuation, divisional, or other related applications or registrations deriving therefrom; and, pursuant to 15 U.S.C. § 1119, for an order cancelling any United States registration owned or held by any Defendant for such mark.

C. For an order directing Defendants to take all reasonable and necessary steps to remove, delete, destroy, recall, or otherwise remediate all infringing uses of the PRIMAL ESSENCE Mark and the DR. DAVE'S PRIMAL ESSENCE designation, including removal of all infringing content from Defendants' website, Amazon seller pages, product listings, product images, product titles, product descriptions, backend metadata, ASIN data, SKU data, search terms, social media and advertising accounts, and promotional video content; cancellation or correction of any redirect from www.ddprimalessence.com or any other domain incorporating the infringing designation to any current Defendants' website; recall, destruction, or relabeling of all infringing product inventory in Defendants' possession, custody, or control, or in the possession of Defendants' fulfillment providers including Amazon FBA and any third-party logistics warehouses; and submission of a sworn compliance declaration to the Court attesting to completion of the foregoing corrective measures.

D. For an order requiring Defendants to file with this Court and serve on Plaintiff's counsel, within thirty (30) days of entry of any injunctive order, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with the injunction.

E. For an accounting and disgorgement of Defendants' profits derived from the infringing conduct pursuant to 15 U.S.C. § 1117(a).

F. For Plaintiff's actual damages pursuant to 15 U.S.C. § 1117(a).

G. For enhanced damages of up to three times Plaintiff's actual damages under 15 U.S.C. § 1117(a); and separately, an increase of any award of Defendants' profits to the sum the Court finds to be just under 15 U.S.C. § 1117(a).

H. For Plaintiff's reasonable attorneys' fees as an exceptional case pursuant to 15 U.S.C. § 1117(a).

I. For the reasonable cost of corrective advertising and related corrective measures sufficient to dispel the consumer confusion caused by Defendants' infringing conduct.

J. For Plaintiff's costs of suit.

K. For pre-judgment and post-judgment interest at the maximum rate permitted by law.

L. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

IP LEGAL STUDIO, LLC Dated: June 5, 2026

By: LISA A. CERVANTES, ESQ., LLM

Attorneys for Plaintiff
PRIMAL ESSENCE INC.
a California corporation

## CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

The undersigned certifies that this submission ☐ does not use ☒ uses generative artificial intelligence. Generative artificial intelligence was used solely as a drafting aid for organizational structure, headings, and synonyms, and was not used to generate the factual allegations or legal authorities set forth herein. Following drafting, I reviewed, revised, edited and supplemented all portions of this Plaintiff's First Amended Complaint, including those that were informed by the use of artificial intelligence or based on prior templates. I independently verified the factual accuracy of the content, including all exhibit references and citations to the record, and confirmed that all allegations and authorities were appropriate to the issues presented.

Respectfully submitted,

IP LEGAL STUDIO, LLC Dated: June 5, 2026



By: LISA A. CERVANTES, ESQ., LLM

Attorneys for Plaintiff
PRIMAL ESSENCE INC.
a California corporation