**O**

# United States District Court
# Central District of California

PRIMAL ESSENCE, INC.,

Plaintiff,

v.

TALLOWBOURN, LLC et al.,

Defendants.

Case № 2:26-cv-01183-ODW (DTBx)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [31]**

## I. INTRODUCTION

Primal Essence Inc. brings this federal trademark infringement and false designation action against Defendants Tallowbourn LLC, David J. Maloney, and Lisa Maloney. (First Am. Compl. ("FAC") ¶ 1, Dkt. No. 27.) Defendants move to dismiss Primal Essence's complaint pursuant to Federal Rule of Civil Procedure ("Rule" or "Rules") 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(6), for failure to state a claim. (Mot. Dismiss FAC ("Mot." or "Motion"), Dkt. No. 31.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.[1]

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Primal Essence is a California corporation headquartered in Oxnard, California. (FAC ¶ 7.) Primal Essence specializes in holistic health and wellness products, such as proprietary culinary preparations and supplements. (*See id.* ¶ 13.) Currently, Primal Essence holds two federal trademark registrations for the PRIMAL ESSENCE mark: No. 5,108,577 and No. 7,378,916. (*Id.* ¶¶ 15–16.)

Tallowbourn LLC is a Maryland limited liability company with its principal place of business in Frederick, Maryland. (*Id.* ¶ 8.) Tallowbourn sells topicals such as body balms and soap. (*See id.* ¶ 31.) Before January 2026, Tallowbourn LLC operated under the name DR. DAVE'S PRIMAL ESSENCE (collectively, "DDPE" or "Tallowbourn"). (*Id.* ¶ 71.) Tallowbourn uses the DR. DAVE'S PRIMAL ESSENCE mark directly on and in connection with its sale of goods, which includes sales to California residents through Tallowbourn's interactive website, Amazon.com, social media, and other third-party outlets. (*Id.* ¶¶ 31, 49.) Although the marks, PRIMAL ESSENCE and DR. DAVE'S PRIMAL ESSENCE, are similar and are used on products with similar ingredients, Primal Essence and Tallowbourn are not affiliated. (*See id.* ¶¶ 55, 57, 97.)

David Maloney personally founded DDPE and selected the infringing mark—DR. DAVE'S PRIMAL ESSENCE. (Decl. David J. Maloney ISO Mot. ("David Decl.") ¶¶ 4, 6, Dkt. No. 31-2; FAC ¶ 43.) Lisa Maloney is married to David[3] and occasionally assists him with small tasks related to Tallowbourn's operations. (Decl. Lisa Maloney ISO Mot. ("Lisa Decl.") ¶ 16, Dkt. No. 31-3.) Primal Essence asserts that Lisa personally participated in Tallowbourn's commercial operations, such as placing infringing products in shipping boxes. (FAC ¶ 47.)

---

[2] All factual references derive from Primal Essence's First Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Rule 12(b)(6) Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may additionally consider competing declarations on a Rule 12(b)(2) motion and resolve any disputes in the plaintiff's favor. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021).

[3] For clarity, the Court respectfully refers to David and Lisa by their first names.

David applied to register the DR. DAVE'S PRIMAL ESSENCE mark with the USPTO, which refused registration based on a likelihood of confusion with Primal Essence's previously registered PRIMAL ESSENCE mark. (*Id.* ¶¶ 34–37; *id.* Exs. 8, 10 ("USPTO Office Actions"), Dkt. Nos. 27-8, 27-10.) The USPTO Examiner attached Primal Essence's registration certificate to the refusal. (FAC ¶¶ 35–37; USPTO Office Actions; FAC Ex. 1 ("PRIMAL ESSENCE Registration"), Dkt. No. 27-1.)

By May 19, 2025, Primal Essence learned that DDPE was using the DR. DAVE'S PRIMAL ESSENCE mark and sent Tallowbourn cease-and-desist letters on May 19, 2025, and June 11, 2025. (FAC ¶¶ 39–40; Compl. Exs. 2–3 ("C&D Letters"), Dkt. Nos. 1-2, 1-3.)

When DDPE did not cease use of the DR. DAVE'S PRIMAL ESSENCE mark, on February 5, 2026, Primal Essence filed this suit against Tallowbourn, David, and Lisa. (Compl., Dkt. No. 1.) Primal Essence asserts claims for federal trademark infringement under 15 U.S.C. § 1114(1) and false designation of origin under 15 U.S.C. § 1125(a). (FAC ¶¶ 82–103.) Defendants now move to dismiss the First Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) as to all Defendants and for failure to state a claim pursuant to Rule 12(b)(6) as to Lisa. (Mot. 2.) As the Court resolves the Motion on personal jurisdiction grounds, it need not reach Defendants' Rule 12(b)(6) argument.

## III. LEGAL STANDARD

Federal courts have the power to exercise personal jurisdiction to the extent permitted by the laws of the states in which they sit. Fed. R. Civ. P. 4(k)(1)(A). "California's long-arm jurisdictional statute is coextensive with federal due process requirements . . . ." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); *see* Cal. Civ. Proc. Code § 410.10. When this is the case, the court inquires whether the defendant "ha[s] certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

(quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Glencore Grain Rotterdam B. V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

When a defendant seeks dismissal under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where, as here, a motion to dismiss for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). However, the plaintiff cannot "simply rest on the bare allegations of its complaint." *Schwarzenegger*, 374 F.3d at 800. The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit, but factual conflicts between dueling affidavits must be resolved in the plaintiff's favor." *Ayla*, 11 F.4th at 978 (citation modified).

## IV. DISCUSSION

Tallowbourn moves to dismiss Primal Essence's First Amended Complaint against Tallowbourn, David, and Lisa for lack of personal jurisdiction. (Mot. 8.)

### A. Personal Jurisdiction

Defendants argue that the Court lacks specific personal jurisdiction because they did not purposefully direct their allegedly infringing conduct at Primal Essence's forum state—California.[4] (Mot. 19–25.)

To determine whether a defendant's contacts with the forum state are sufficient to render the exercise of specific jurisdiction reasonable, courts consider whether: (1) the non-resident defendant "purposefully direct[s]" his activities or "consummate[s] some transaction with the forum," or performs "some act by which he purposefully avails himself of the privilege of conducting activities in the forum"; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction comports with "fair play and substantial justice," i.e., it is reasonable.

[4] Neither party contends that this Court has general personal jurisdiction over Defendants. (FAC ¶¶ 43, 46, 49; *see generally* Opp'n, Dkt. No. 40; *see also* Mot. 18–25.)

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden to satisfy the first two prongs of the test. *Id.* Once the plaintiff satisfies the first two prongs, the burden shifts to the defendant to show that exercising jurisdiction would not be reasonable. *Id.*

As Defendants challenge only the first prong, the Court focuses its analysis accordingly.[5] In assessing the first prong of the specific jurisdiction test, courts distinguish between contract and tort cases. *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023). In cases alleging tortious conduct, such as trademark infringement, the Ninth Circuit considers whether the non-resident defendant purposefully directs its activities or consummates some transaction with the forum. *See id.* "To determine whether a defendant 'purposefully directed' its activities toward the forum," courts apply the "effects" test. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023). The effects test requires the plaintiff to establish that the defendant (1) "committed an intentional act," (2) "expressly aimed at the forum state," and (3) caused "harm that the defendant knows is likely to be suffered in the forum state." *Id.* A plaintiff must demonstrate all three requirements of the effects test to establish purposeful direction. *Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847, 857 (S.D. Cal. 2024).

Defendants do not dispute that Primal Essence establishes requirements one and two of the effects test: an intentional act, expressly aimed at the forum state. (*See generally* Mot.) Rather, Defendants argue Primal Essence does not meet the third requirement—knowledge—because it cannot show that Defendants knew their conduct was likely to cause harm in California. (Reply 2, Dkt. No. 46.)

[5] Nonetheless, prongs two and three of specific personal jurisdiction are satisfied. Primal Essence alleges its claims arise out of Defendants' forum-related activities, (FAC ¶ 49), and Defendants do not dispute that exercising jurisdiction is reasonable, (*see generally* Mot.). This is sufficient at this stage. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (analyzing only the contested first prong where the plaintiff pleaded the second prong and the defendant did not dispute the third); *Breedlove v. Wells Fargo Bank, N.A.*, No. CV-09-8135-PCT-JAT, 2010 WL 3000012, at *8, n.2 (D. Ariz. July 28, 2010) (declining to address prongs two and three where the defendant challenged only the first prong of specific personal jurisdiction).

The effects test's third requirement asks whether "the intentional acts caused harm that the defendant knows is likely to be suffered in the forum state." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 744 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). This does not require that the "brunt" of the harm be suffered in the plaintiff's forum state. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). Rather, in the trademark infringement context, courts generally find this requirement established when a plaintiff alleges that the defendants knew of a potential dispute that was connected to the forum state. *Tippsy, Inc. v. Tipsy, LLC*, No. 2:24-cv-04025-ODW (SKx), 2024 WL 4794477, at *5 (C.D. Cal. Nov. 14, 2024), *aff'd*, No. 24-7587, 2026 WL 751943 (9th Cir. Mar. 17, 2026). For instance, a plaintiff satisfies the effects test where they establish that the defendant knew the plaintiff's principal place of business was in the forum state and intentionally and expressly aimed their conduct at the forum state. *Id.*; *see Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (noting the defendant likely knew his infringing conduct would injure plaintiff in the state where plaintiff had its principal place of business).

*1. Tallowbourn and David Maloney*

Primal Essence alleges that Tallowbourn and David knew their allegedly infringing conduct was likely to cause Primal Essence harm in California because they received multiple notices of Primal Essence's California presence and nevertheless continued selling infringing products in California. (FAC ¶¶ 35, 37–40, 42–43.)

Primal Essence sent Tallowbourn two cease-and-desist letters threatening legal action in California, expressly asserting that Primal Essence has been and will be "irreparably harmed and injured" if Tallowbourn continued using the infringing PRIMAL ESSENCE mark, and including Primal Essence's trademark registration with its California address. (Mot. 23; C&D Letters.) The cease-and-desist letters alone are enough to establish the knowledge requirement of the effects test because they provided Tallowbourn and David with notice that its infringement was causing harm to Primal

Essence in its forum state of California. *See Herbal Brands, Inc.*, 72 F.4th at 1091, n.2 (finding that plaintiff's cease-and-desist letters provided defendants with notice that their infringement was causing harm in plaintiff's forum state).

Even if the cease-and-desist letters were insufficient, Primal Essence identifies several additional factors supporting that Tallowbourn and David knew their infringement would cause harm in California. First, the USPTO informed Tallowbourn and David that Primal Essence's principal place of business was in California in the two USPTO Office Actions and with Primal Essence's trademark registration. (*See* FAC ¶¶ 35, 37–38; USPTO Office Actions; PRIMAL ESSENCE Registration.) However, Tallowbourn and David continued to sell DDPE products in California. (FAC ¶¶ 49, 61; *id.* Ex. 15 ("Continued Infringement Examples"), Dkt. No. 27-15.) These facts further support that Tallowbourn and David knew their continued sale of infringing products would cause harm in California. *See Proximo Spirits, Inc. v. Green Lake Brewing Co., LLC*, No. 2:22-cv-02879-SPG (SKx), 2022 WL 17224545, at *7 (C.D. Cal. Sept. 9, 2022) (finding that plaintiff established defendant's knowledge of forum-state harm where defendant knew of plaintiff's trademark rights and continued to sell infringing products in plaintiff's forum state).

Second, Tallowbourn and David continued to sell infringing products to California residents through DDPE's own interactive website, Amazon.com, social media, and other third-party outlets. (FAC ¶ 49.) In response to Primal Essence's cease-and-desist letters, the parties negotiated a rebranding and sell-off period, during which Tallowbourn and David represented they would rebrand and discontinue use of the infringing designation. (*Id.* ¶¶ 67–68.) Primal Essence consented to Tallowbourn and David selling off remaining Amazon inventory through 2025. (Reply 7–8.) However, Tallowbourn and David continued to sell, advertise, and distribute the infringing goods through other outlets and long past the December 2025 deadline. (FAC ¶¶ 61, 63, 68; Continued Infringement Examples.)

As Primal Essence establishes that Tallowbourn and David knew Primal Essence was located in California and owned the PRIMAL ESSENCE mark, yet continued selling DDPE's infringing products to that forum state, Primal Essence establishes that Tallowbourn and David knew their conduct was likely to cause harm in California. Thus, Primal Essence satisfies the effects test and, accordingly, makes a prima facie showing that Tallowbourn and David purposefully directed Tallowbourn's conduct at California.

As it is undisputed that Primal Essence's claims arise from Tallowbourn and David's forum-related activities and exercising jurisdiction is reasonable, and as Primal Essence establishes they purposefully directed their conduct at California, the Court may exercise specific personal jurisdiction over Tallowbourn and David. The Court consequently denies Defendants' Motion as to Tallowbourn and David Maloney.

*2. Lisa Maloney*

As with Tallowbourn and David, Defendants argue Lisa did not know that her allegedly infringing conduct was likely to cause harm to Primal Essence in California. (Mot. 25.) Primal Essence alleges, upon information and belief, that Lisa participated in operations through which Tallowbourn processed products that were shipped to California consumers. (FAC ¶ 47.)

Critically, unlike Tallowbourn and David, Lisa declares that she has never read the cease-and-desist letters or any trademark documents that would have notified her of Primal Essence's principal place of business in California. (Lisa Decl. ¶ 20.) Primal Essence addressed the cease-and-desist letters to Tallowbourn and David, not Lisa. (C&D Letters.) Lisa assists her husband in only discrete tasks related to Tallowbourn's operations, and she is not involved in distributing or selling DDPE's products. (Lisa Decl. ¶ 16; David Decl. ¶ 27.)

Resolving conflicts between the parties' declarations in Primal Essence's favor, the Court accepts that Lisa participated to some extent in Tallowbourn's operations. However, as Lisa's uncontroverted declaration contradicts allegations in the First

Amended Complaint, the Court accepts that Lisa had only minimal participation in Tallowbourn's operations, which is insufficient to establish that she knew DDPE's infringing sales would cause Primal Essence harm in California. Further, Primal Essence offers nothing to undermine Lisa's testimony that she did not read the cease-and-desist letters or trademark documents. As Primal Essence fails to establish that Lisa knew Primal Essence was located in California and owned the PRIMAL ESSENCE mark, it fails to show that Lisa knew her allegedly infringing conduct was likely to cause harm in California. This failure defeats the "effects" test, which in turn precludes a finding of purposeful direction. Thus, the Court cannot exercise specific personal jurisdiction over Lisa.

Accordingly, the Court grants Defendants' Motion as to Lisa Maloney for lack of personal jurisdiction. As the Court lacks jurisdiction to evaluate the merits of the case against Lisa under Rule 12(b)(6), it does not reach Defendants' remaining arguments for her dismissal.

**B. Jurisdictional Discovery**

In the event the Court finds personal jurisdiction lacking, Primal Essence seeks leave to conduct jurisdictional discovery. (Opp'n 26.) "[T]o obtain discovery on jurisdictional facts, the plaintiff must at least make a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction." *Id*. Here, Primal Essence offers no support that Lisa could have known her allegedly infringing conduct was likely to harm Primal Essence in California. (*See generally* FAC; Opp'n.) Primal Essence therefore has not made even a colorable showing that the Court may exercise personal jurisdiction over Lisa. Accordingly, Primal Essence's request for jurisdictional discovery is denied.

### C. Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

In light of Lisa's and David's sworn declaration testimony, and Primal Essence's failure to undermine it, the Court finds that amendment would be futile. Specifically, Lisa further declares that she: (1) participated in only minimal tasks to assist her husband in Tallowbourn's operations; (2) lacked the ability to control corporate decisions; (3) was never an employee; and (4) did not make decisions regarding Tallowbourn's use or promotion of its infringing mark. (Lisa Decl. ¶¶ 11, 13, 15; David Decl. ¶¶ 25, 27–30.) As the First Amended Complaint lacks any suggestion that Lisa could be subject to this Court's personal jurisdiction, and as Lisa's uncontroverted testimony indicates she could not, the Court dismisses Lisa without leave to amend. *See Gordon v. APM Terminals N. Am., Inc.*, No. 2:17-cv-03970 (MEJ), 2017 WL 3838092, at *7 (N.D. Cal. Sept. 1, 2017) (dismissing without leave to amend where "nothing in the record indicates [p]laintiff might be able to allege or prove additional facts establishing personal jurisdiction").

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. (Dkt. No. 31.) Specifically, the Court **GRANTS** the Motion and **DISMISSES** Lisa Maloney **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE**. The Court **DENIES** the Motion as to

Tallowbourn and David Maloney, who must file their answer within **fourteen (14) days** of the date of this order.

**IT IS SO ORDERED.**

October 22, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**